UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

**YI LONG YANG,**

        **Petitioner(s),**         **CASE NUMBER: 05-73098**
                                                 **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MICHAEL CHERTOFF, Director,**
**Department of Homeland Security, et al.,**

        **Respondent(s).**
_____/

**ORDER DENYING PETITION FOR**
**WRIT OF HABEAS CORPUS**

**I.   INTRODUCTION**

This matter is before the Court on Yi Long Yang's Petition for Writ of Habeas Corpus.  The Court **DENIES** the Petition.

**II.   BACKGROUND**

Petitioner Yang is a citizen of China who entered the United States illegally via the Virgin Islands on July 8, 2000.[1]  Removal proceedings began shortly thereafter, but he was permitted to remain on bond.  The removal case was transferred to New York City, where Petitioner conceded his removability but made several asylum-related claims.  An Immigration Judge rejected Petitioner's claims on August 27, 2001 and entered a final order of removal.  The Board of Immigration Appeals ("BIA") affirmed the

---

[1] The Respondents state in their brief that the date was July 8, 2003.  However, it is apparent from the attached exhibits that this was a typographical error.

Immigration Judge's ruling on April 29, 2003. Petitioner appealed to the Second Circuit Court of Appeals on May 20, 2003, but did not request a stay of removal. The appeal is pending.

The Government[2] says that ten months after his appeal was filed Petitioner was asked, through his bonding agency, to report for removal in New York on March 18, 2004. He failed to appear and his immigration bond was forfeited. For this reason, the Government considers Petitioner to be a flight risk.[3] Petitioner denies any intention to flee or that such a characterization is warranted. He says that he was unaware of the request to report in New York, because his bonding agency never notified him. Moreover, he asserts that it was unusual (and he suggests improper) for the Government to attempt to contact him through his bonding agency rather than his attorney.

Petitioner remained free until June 8, 2005 when he was discovered by United States Immigration and Customs Enforcement ("ICE") during a search of the restaurant where he worked. He has been detained since that date so that he can be removed to China. However, in July 2005, Petitioner filed an emergency motion for stay of removal with the Second Circuit. The Government did not oppose. The status of Petitioner's

---

[2] Petitioner brings this action against Michael Chertoff, Director of the Department of Homeland Security; Robin Baker, the Field Director of the Detroit District of United States Immigration and Customs Enforcement ("ICE"); and, "any other party responsible for detention in the Detroit District of the [Department of Homeland Security]." *See* Petition Caption. Respondents will, hereinafter, be collectively referred to as "the Government."

[3] On August 17, 2005, ICE conducted a detention review, wherein it determined that release was not warranted because Petitioner entered the country illegally and he is regarded as a flight risk due to his failure to appear when requested in March 2004.

motion is unclear.  The Government says that the motion was granted, but the Petitioner says that the motion has not been ruled upon.  Nevertheless, Petitioner contends that a stay of removal is being observed by the Government pursuant to the "forbearance policy" in the Second Circuit.  The Government acknowledges that there is such a policy, under which ICE will not take steps to remove an alien while an appeal is pending before the Second Circuit, if: 1) a formal motion for stay is filed, and 2) the Clerk's Office informs the U.S. Attorney for the Southern District of New York that the motion has been filed.

Petitioner filed this writ arguing that continuing to detain him is unreasonable because: 1) removal is effectively stayed pending appeal; 2) appellate briefing is not complete;[4] 3) the date the appeal will be resolved is unknown; and 4) since he was not properly notified of the March 2004 hearing, there is no basis to conclude that he is a flight risk or danger to the community.  For these reasons, Petitioner asserts that there is no possibility of his imminent removal.  Therefore, he argues that his continued detention is an unlawful restraint and violates his right to be free from unreasonable search and seizure under the Fourth Amendment and the substantive and procedural due process requirements of the Fifth Amendment.

## III.   APPLICABLE LAW AND ANALYSIS

Because it is not entirely clear whether a stay of removal has been entered, it is not clear whether Petitioner's status is pre- or post- removal.  In either event, the Court finds that the Petitioner's request is either premature or not subject to this Court's

---

[4]The Government has requested an extension until September 15, 2005 to file a responsive brief.  Petitioner implies that the request was granted.

review. If the Second Circuit has not granted Petitioner's motion for stay of removal, a final order of removal is in effect and Petitioner can properly be detained for at least six months under the provisions of 8 U.S.C. §1231(a). If the motion for a stay has been granted (or is deemed to be granted per the Second Circuit "forbearance policy"), the Petitioner's status is pre-removal and he may be detained at the Government's discretion under 8 U.S.C. §1226(e). Generally, §1226 detentions are not reviewable by this Court.

### A.     Final Order of Removal in Effect

Under 8 U.S.C. §§1231(a)(1)(A) and (a)(2), the Government is to detain an alien for 90 days from the date the order of removal becomes final, during which time it must attempt to effect the removal. However, 8 U.S.C. §1231(a)(6) provides that an alien may be detained beyond the 90 day period if he is inadmissible (under 8 U.S.C. §1182), removable (under certain provisions of 8 U.S.C. §1227), or has been determined to be a risk to the community or unlikely to comply with the order of removal. While detention under §1231(a)(6) may not continue indefinitely, six months is considered a presumptively reasonable period of time for the Government to secure removal. *Zadvydas v Davis*, 533 U.S. 678, 700-701 (2001). If the alien has not been removed within 6 months and removal is no longer reasonably foreseeable, continued detention under §1231(a)(6) is not authorized. *Id* at 699. The alien may petition the court for release if he can show that there is no significant likelihood of his removal in the foreseeable future. *Id* at 701. The Government is then required to rebut the showing with evidence.

Presuming that a stay of removal has not been granted, the order of removal

became administratively final in this case upon the BIA's denial of Petitioner's appeal. Therefore, §1231(a)(6) detention is authorized, because Petitioner is inadmissible under §1182 (because he entered the country illegally) and/or because he is a flight risk as the Government contends.  Petitioner argues that his detention is not reasonable because: the 90-day removal period has elapsed; under the "forbearance policy," his removal is not imminent; and, contrary to the Government's claims, he is not a flight risk.  There is no merit to Petitioner's assertion.

Regardless of whether he is a flight risk, Petitioner does not dispute that he is inadmissible under §1182(a)(6)(A)(1) and, therefore, subject to detention under §1231(a)(6).  Thus, under *Zadvydas*, the Government may detain him beyond the statutory 90-day removal period for up to six months.  Also, even if Petitioner's removal is *effectively* stayed pursuant to what appears to be an informal "forbearance policy," for this Court's purposes removal has not *in fact* been stayed.  Petitioner has not cited any authority indicating that the Government's agreement to honor the "forbearance policy" has any legal effect on this Court's assessment of the validity of his continued detention. Therefore, because Petitioner has been in custody for just under 3 months, his petition is premature and must be denied.

  **B. Motion for Stay Granted**

If the motion for a stay has been granted (or the "forbearance policy" has the force of law and is deemed a stay), the petition must still be denied.  Under the express language of 8 U.S.C. §1231(a)(1)(B),[5] when a stay of removal is entered by the

---

[5]8 U.S.C. §1231(a)(1)(B) states:

reviewing court, the matter is effectively removed from a final removal order posture under subsection (i), to a non-final removal posture under subsection (ii).  When there is no final order of removal in effect, §1231(a) does not apply and an alien may not continue to be detained under that section.  However, as the Government asserts, it may detain an alien under 8 U.S.C. §1226(a),[6] which gives the Government the discretion to determine whether an alien should be detained or released on bond or conditional parole, pending a final decision on removal.[5]

---

(a) Detention, release, and removal of aliens ordered removed

(1) Removal period

    * * *

(B) Beginning of period

The removal period begins on the latest of the following:

**(i)** The date the order of removal becomes administratively final.

**(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

**(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

[6]*See Clavis v. Ashcroft*, 281 F. Supp. 2d 490, 493 (E.D.N.Y. 2003) ("Because the court entered a temporary stay of deportation, up to this point petitioner has remained in INS custody pursuant to Section [8 U.S.C. 1226]."); *Milbin v. Ashcroft*, 293 F. Supp. 2d 158, 161 (D. Conn. 2003) ("Until this decision is filed, Milbin continues to be subject to mandatory detention under § [1226](c), as this Court's stay order ... remains in effect."); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1224 (W.D. Wa. 2004) ("Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to [§ 1226].").

[5]8 U.S.C. §1226(a) states:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained

6

Section 1226(e) explicitly states that such discretionary determinations are not subject to judicial review:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

*See also American-Arab Anti-Discrimination Comm. v. Ashcroft*, 272 F. Supp. 2d 650 , 670-671 (E.D. Mich. 2003). However, there is a limited circumstance under which courts can conduct habeas review of §1226 detentions--when continued detention is unreasonable given the time that has elapsed in completing removal proceedings and the likelihood of actual removal. This situation was addressed in *Ly v Hansen*, 351 F.3d 263 (6th Cir. 2003), where the Court held that indefinite detention under §1226 is unconstitutional.

Petitioner Ly was a deportable criminal alien who was a citizen of Vietnam. He argued that §1226(c) violates substantive and procedural due process under the Fifth

---

pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--

**(1)** may continue to detain the arrested alien; and

**(2)** may release the alien on--

   **(A)** bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

   **(B)** conditional parole; but

**(3)** may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

Amendment because it does not provide for bond hearings to determine whether a detainee is suitable for release pending removal proceedings. Finding that §1226 is analogous in some respects to §1231, the *Ly* Court applied reasoning similar to that in *Zadvydas* and held that permanent detention of a criminal alien is unconstitutional. Even though §1226 employs mandatory language regarding detention,[6] the Court rejected the suggestion that Congress intended to allow perpetual detention, because "the mandatory nature of the detention does not alter the constitutional limitations to which it is subject." 351 F.3d at 269. The *Ly* Court declined to set a bright-line time limitation. But, it held that the length of pre-removal detention without bond must be reasonable under the circumstances:

> We hold that [ICE] may detain *prima facie* removable aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly. When actual removal is not reasonably foreseeable, deportable aliens may not be indefinitely detained without a government showing of a "strong special justification," constituting more than a threat to the community, that overbalances the alien's liberty interest.

351 F.3d at 273. The reasonableness of the length of the detention must be determined on a case-by-case basis and is subject to habeas review. *Id* at 271, 273.

The petitioner in *Ly* was detained for approximately one and one-half years without a final decision on his removal, and actual removal was not even possible because Vietnam would not accept deportees. Under these circumstances, the Court found that there was no special justification for Ly's continued detention, because the period of time required to conclude removal proceedings was unreasonable and actual

---

[6]Section 1226(c)(1) states that "[t]he Attorney General *shall* take into custody" any alien falling into the delineated categories. (emphasis added).

removal was not foreseeable. Therefore, the Court affirmed the district court's grant of the writ of habeas corpus.

Presuming (without deciding) that the reasoning of *Ly* applies equally to inadmissible aliens and criminal aliens, Petitioner Yang does not suffer from comparable circumstances. He has only been detained for under three months. Briefing on his appeal is not yet complete, and there is no evidence of an unreasonable delay in the proceedings. And, if the BIA's decision is affirmed, the Government indicates that there are no impediments to Petitioner's immediate removal to China because it has obtained travel documents. *See* Resp. Exh. 6 at p. 2. Therefore, there is no basis at this time for this Court to find that Petitioner's continued detention under §1226 is unreasonable. *Ly* does not apply. Consequently, even if a stay of removal has actually or effectively been granted, this Court is not at liberty to review the Government's discretionary detention decision. Petitioner's motion must be denied.

**V.  CONCLUSION**

Petitioner Yi Long Yang's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

 /s/ Victoria A. Roberts
**Victoria A. Roberts**
Dated: September 8, 2005                                    **United States District Judge**